AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | **District:** MIDDLE DISTRICT OF FLORIDA |
|---|---|

| Name (under which you were convicted): JAMES C. CURRY | Docket or Case No.: 3:20-CV-1311-J-20 JBT |
|---|---|

| Place of Confinement : Liberty Correctional Institution | Prisoner No.: 111456 |
|---|---|

| Petitioner (include the name under which you were convicted) JAMES C. CURRY | v. | Respondent (authorized person having custody of petitioner) MARK INCH, |
|---|---|---|

| The Attorney General of the State of: HONORABLE ASHLEY MOODY |
|---|

### PETITION

PROVIDED BY
LIBERTY CI
NOV 13 2020
FOR MAILING

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY FLORIDA

   (b) Criminal docket or case number (if you know): # 16-1999-CF-005096

2. (a) Date of the judgment of conviction (if you know): 10-13-99

   (b) Date of sentencing: 10-28-99

3. Length of sentence: life

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Ct.1, 15 years for Sexual Battery, 794.011(5)
   Ct.2, life for burglary with battery, 810.02(2)(A)
   Ct.3, 30 years for kidnapping, 787.01(1)(A)(3)

6. (a) What was your plea? (Check one)

   ☑ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty            ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:  FIRST DISTRICT COURT OF APPEAL

(b) Docket or case number (if you know):  # 1D99-4252

(c) Result:  PER CURIAM AFFIRMED

(d) Date of result (if you know):  2·1·2001

(e) Citation to the case (if you know):  _____

(f) Grounds raised:  TRIAL COURT REVERSIBLY ERRED BY DENYING APPELLANTS MOTION FOR MISTRIAL AFTER THE VICTIM REPEATEDLY MADE EMOTIONAL OUTBURSTS IN PRESENCE OF THE JURY ALTHOUGH SHE WAS INSTRUCTED MULTIPLE TIMES TO REFRAIN FROM DOING SO.

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:  _____

(2) Docket or case number (if you know):  _____

(3) Result:  _____

_____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: FOURTH JUDICIAL CIRCUIT

(2) Docket or case number (if you know): 99-5096

(3) Date of filing (if you know): MAY 29, 2001 and (addendum) August 17, 2001

(4) Nature of the proceeding: MOTION FOR POSTCONVICTION RELIEF

(5) Grounds raised: SEE (ATTACHMENTS 4A – 4B), also (EXHIBITS (A) and (B))

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☑ Yes   ☐ No

(7) Result: DENIED      SEE (ATTACHMENT'S 7A – 7I)

Page 4 of 16

## SUMMARY OF GROUNDS

**GROUND ONE:**

COUNSEL WAS INEFFECTIVE BY FAILING TO CALL OFFICER TJ POMEROY TO TESTIFY DURING TRIAL

**GROUND TWO:**

COUNSEL WAS INEFFECTIVE BY FAILING TO IMPEACH ALLEGED VICTIM AND KEY WITNESSES

**GROUND THREE:**

COUNSEL WAS INEFFECTIVE BY FAILING TO CHALLENGE THE STATE'S INTRODUCTION OF SEXUAL ASSAULT EXPERT JANET ATTLESEY ON GROUNDS OF IRRELEVANCY, OVERLY PREJUDICIAL, FRYE TEST, OR AS IMPROPER HEARSAY TESTIMONY

**GROUND FOUR:**

COUNSEL WAS INEFFECTIVE BY FAILING TO SUMMON OR CALL DNA EXPERT SHREE ENFINGER TO TESTIFY AS TO SPERM FOUND

**GROUND FIVE:**

COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT TO ARREST REPORT GOING INTO DELIBERATIONS

**GROUND SIX:**

COUNSEL WAS INEFFECTIVE BY FAILING TO SUMMON OR CALL DETECTIVE ERIC SIMMONS TO TESTIFY DURING TRIAL

4-A

# SUMMARY OF GROUNDS (CONT.)

## GROUND SEVEN:

COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT AND
RENEW MOTION FOR MISTRIAL WHEN THE COURT COMMENTED
ON THE EVIDENCE DURING CLOSING ARGUMENTS (FAILED
TO PRESERVE FOR APPEAL)

## GROUND EIGHT:

COUNSEL WAS INEFFECTIVE BY FAILING TO OBJECT AND
MOVE FOR MISTRIAL UPON THE PROSECUTOR IMPROPER
COMMENTS DURING CLOSING ARGUMENTS (FAILED TO PRESERVE)

## GROUND NINE:

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO DEPOSE
LEADING DETECTIVE AND FAILING TO FILE MOTION
TO SUPPRESS

## GROUND TEN:

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT
TO COURTS IMPERMISSIABLE COMMENT

AO 241 (Rev. 09/17)

(8) Date of result (if you know): *8·6·2003*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *FOURTH JUDICIAL CIRCUIT*

(2) Docket or case number (if you know): *99-5096*

(3) Date of filing (if you know): *3·9·2009*

(4) Nature of the proceeding: *3.850(h), Petition for Writ of habeas Corpus*

(5) Grounds raised: *TRIAL COURT ERRED BY FAILING TO ISSUE A FINAL ORDER THAT DISPOSES OF ALL ISSUES RAISED IN MOTION FOR POSTCONVICTION RELIEF.*

*SEE (EXHIBIT, E).*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: *Denied*    *SEE (EXHIBIT, F)*

(8) Date of result (if you know): *11·25·2009*

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: *FOURTH JUDICIAL CIRCUIT*

(2) Docket or case number (if you know): *99-5096*

(3) Date of filing (if you know): *3·29·2018*

(4) Nature of the proceeding: *DEFENDANT'S RE-FILED ORIGINAL MOTION FOR POSTCONVICTION RELIEF*

(5) Grounds raised: *SEE (EXHIBIT, H).*

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   DISMISSED AS UNTIMELY, SUCCESSIVE, ABUSIVE, AND SANCTIONABLE

(8) Date of result (if you know):   4·1·2019     SEE(EXHIBIT, I),

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No

(2) Second petition:   ☑ Yes   ☐ No

(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   SEE (ATTACHMENTS 6A - 6G)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE (ATTACHMENTS 6A - 6G)

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

Page 6 of 16

## CLAIM ONE

PETITIONER WAS DENIED INHERENT SUBSTANTIVE
DUE PROCESS PROTECTION OF THE FIFTH AND FOUR-
TEENTH AMENDMENT OF THE U.S. CONSTITUTION
WHEN THE STATE LOWER COURT'S DENIED PETITIONER'S
GUARANTEED PROCEDURAL DUE PROCESS RIGHT TO
APPEAL A FINAL ORDER OF HIS MOTION FOR
POSTCONVICTION RELIEF.

### (A.)

Petitioner contends he was denied inherent substantive
due process protection of the deprivation of liberty with-
out due process and his right to equal protection of the
law afforded by the Fifth and Fourteenth Amendments
of the United States Constitution when the state
Lower Courts denied Petitioner's guaranteed procedural
due process right to appeal a final order of his Motion
for Postconviction Relief.

Petitioner filed his Motion for Postconviction Relief
raising eight (8) grounds of ineffective assistance of
counsel on May 29, 2001. (EXHIBIT, A). And on
August 17, 2001, Petitioner filed an Addendum to
Motion for Postconviction Relief, adding two (2) more
grounds. (EXHIBIT, B).

Petitioner was granted an evidentiary hearing on
grounds one and two, which was held in two parts
on May 14, 2003 and June 27, 2003. Following the
hearing, the Court by order on August 6, 2003,
denied Petitioner's Motion for Postconviction Relief
stating that nine (9) claims of ineffective Assistance
of Counsel had been raised, (Attachments 7A-7I), failing
to address ground ten (10).

when the trial Court failed to address and dispose of ground ten (10) of the Addendum to Motion for Postconviction Relief, it failed to render a final order. To be appealable as final, an order or decree must dispose of all the issues or causes in the case.

Petitioner appealed the non-final order denying Motion for Postconviction Relief on December 5, 2003, to the First District Court of Appeals, (case number 1D03-5204).

Petitioner, brought it to the Appeal Court's attention, labeled within his Initial Brief as Issue Ten: Trial Court erred in not addressing claim that Counsel provided ineffective assistance of Counsel for failing to object to Court's impermissiable comment. (EXHIBIT, C).

Appellee filed an answer brief on May 28, 2004, restating as issue III, Did the trial Court reversibly err by summarily denying claims (3), (4), (6) and (7) of Appellant's motion for Postconviction Relief, and by not addressing ground ten (10) of the addendum to Appellant's motion? (EXHIBIT, D). The State as Appellee concluded issue III as follows: Accordingly, the State does not respond to the merits of this issue. Should this Court find that the trial Court reversibly erred by summarily denying or failing to address any of Appellant's postconviction claims, the appropriate remedy is to remand jurisdiction to the trial Court to attach whatever is needed from the record to refute the claim or to hold an evidentiary hearing. (EXHIBIT, D, page 30).

The First District Court of Appeal affirmed the trial Court's non-final order on December 1, 2004, (Attachments 7J-7K). A ruling that went astray of the precedent of: a lack of a ruling addressing all grounds within a Motion for

postconviction relief deprives the Appeal Court of juris-
diction. Therefore, the First District Court of Appeal
decision is contrary to established federal law and
is a nullity. Thus, deprived Petitioner of his procedural
due process right to appeal a final order, as well as
substantive due process rights that prohibits the de-
privation of liberty without due Process of law, and
also deprived Petitioner of equal protection of the law.

### (B.)

Furthermore, Petitioner filed a 3.850(h), Petition for Writ
of Habeas Corpus on March 9, 2009, of one ground:
TRIAL COURT ERRED IN FAILING TO ISSUE A FINAL ORDER
THAT DISPOSES OF ALL ISSUES RAISED IN MOTION FOR
POSTCONVICTION RELIEF.   SEE: (EXHIBIT, E).

On November 25, 2009, the trial Court held in its denial:
"After reviewing the 3.850 Motions and order, the defendant
is correct in that the Court's August 6, 2003, order failed
to address ground ten (10) of defendant's Motions. However,
the order did address grounds one through nine and its rulings on
those issues were affirmed on appeal. Therefore, Defendant was
not denied any right to appeal those issues and the Court declines
to vacate its prior order. In the interest of Justice, the court
construes the instant Petition as a timely filed rule 3.850 Motion
which again raises ground ten (10), of the 'prior motion', and
shall address this claim on its merits." see: (EXHIBIT, F).

The Court's application and analysis of law is contrary to establish-
ed federal law that prohibits piecemeal appeals and does not
satify Petitioner's due Process right to appeal a single final order
as well as the prohibition against the deprivation of liberty and

6-C

and equal protection of the law, because the order did address grounds one (1), throug nine (9) and its rulings on those issues were affirmed on appeal. Therefore, Defendant was not denied any right to appeal those issues, in it's order.

Petitioner filed an appeal to the First District Court of Appeal, (case # 1D10-2998), and it was Per Curiam Affirmed on January 18, 2011, see: (EXHIBIT, G ),

## (C).

Petitioner, adamantly, filed to the trial Court again on March 29, 2018, Defendant's Re-filed Original Motion for Postconviction Relief, containing all ten (10), Original grounds. see: (EXHIBIT, H).

On April 1, 2019, the Trial Court dismissed Petitioner's Re-filed 3.850 as untimely, successive, abusive, and sanctionable and entered an order to show cause. see: (EXHIBIT, I ); based on the court's August 6, 2003 order in subsection (A), and the trial Court's November 25, 2009, order presented in subsection (B).

On March 2, 2020, The First District Court of Appeal Per Curiam Affirmed Petitioner's appeal, (case # 1D19-1627), see: (EXHIBIT, J).

Petitioner filed a Motion for Rehearing / Rehearing En Banc on March 16, 2020. see: (EXHIBIT, K).

On April 14, 2020, The First District Court of Appeal denied Petitioner's Motion for Rehearing and subsequent Mandate was issued on May 5, 2020. see (EXHIBIT, L).

WHEREFORE, the State Court's decisions are clearly contravaneous to the fundamental principals of liberty and Justice evidenced by the pertinent facts that are fully

developed in this record and this Honorable court can adequately asses the need for remedy is apparent because Stare Decisis did not prevent the perpetuation of injustice.

The State Court's rulings was so lacking in justification and does not satisfy Petitioner's Procedural Due Process right to Appeal a single final order as well as the substantive Due Process right to protection of the deprivation of liberty and equal protection of the law. SEE:( Attachment of Authorities ),(6-F, 6-G)

6-E

## ATTACHMENT OF AUTHORITIES
### CLAIM ONE

Petitioner, from the 'cradle to the grave' contends he was denied inherent substantive due process protection from the deprivation of liberty without due process and his right to equal protection of the law afforded by the Fifth and Fourteenth Amendments of the United States Constitution when the lower state Court's denied Petitioner's guaranteed procedural due process right to appeal a final Order of his Motion for Postconviction Relief, provided by Article V, section 4 (b)(i), of the Florida Constitution. see, _Amendments to Florida Rules of Appellate Procedure_, 696 So 2d 1103 (Fla, 1996).

The Trial Court's August 6, 2003, order denying nine (9) of (10) grounds resulted in a non-final order. see, _Fiedler v Wells Fargo N.A_, 2018 U.S. DIST LEXIS 151401 (11 Cir 2018) ; _Hill v INCH_, 2019 US. DIST LEXIS 176395 (11 CIR 2019); _SLT Warehouse Co. V Webb_, 304 So 2d 97, 99 (FLA. 1974) ; _Edler v State_, 673 So 2d 970 (Fla. 1st, DCA 1996).

The First District Court of Appeals PCA of the trial Court's August 6, 2003, order in case number 1D03-5204, failed in its responsibility to enforce the rights guaranteed by the Constitution and to follow the precedent established by the Supreme Court, _Ramdass v Angelone_, 530 U.S. 156, 168 (2000); and to ensure the law be applied uniformily in decisions based on similar facts. see, _Payne v Tennessee_, 501 U.S. 808, 828 (1991); _Flowers v U.S._, 764 F. 2d 759 (11 Cir 1983); _Conner v State_, 803 So 2d 598, 608 (Fla 2001).

The First District Court of Appeal Panel that Per Curiam Affirmed Petitioners appeal in 1D03-5204, is an inconsistent opinion contrary to all the panels of the same court of Appeal

in Edler v State, 673 So 2d 970, 971 (1st DCA 1996); White v. State, 886 So 2d 248 (Fla 1st DCA 2004); Magwood v State, 937 So 2d 1187 (Fla, 1st DCA 2006), that results in a fundamental defect which inherently results in a complete miscarriage and presents exceptional circumstance where the need for remedy is apparent. see, Davis v U.S., 417 US 333, 346 (1974), (quoting, Hill v U.S., 368 U.S. 424, 428 (1962).)

Petitioner submits, the trial Courts November 25, 2009, order, (EXHIBIT, F), its evaluation and analysis of its decision is violative of the aforementioned state and Federal Authorities but also contrary to state and Federal precedent of a non-final order may be revised at any time before the entry of a final Judgment. see, Federal Rules of Civil procedure 54(b); Pritchard v Fla. High Sch. Ath. Ass'n., 2019 U.S. DIST LEXIS 58197 (11 Cir 2019); Russ v. city of Jacksonville, 734 So 2d 508 (Fla, 1999).... ; As well as the First District Court's of Appeal's decision to PCA, agreeing with the trial Court's rationale in case number #1D10-2998... Coupled with the trial Courts April 1, 2019, dismissal, (EXHIBIT, I) and First District Courts of Appeal Per Curiam Affirm, (EXHIBIT, J), in which each opinion hinged upon the trial Courts eggregious Rationale of State and federal law in its November 25, 2009 Order, (EXHIBIT, F), stating in part that Defendant had an opportunity to appeal grounds (1) through (9), and they were denied on Appeal.

WHEREFORE, Petitioner prays this Court corrects the extreme malfunctions in the state Courts decisions that results in a misscarriage of Justice. see, Ward v Hall, 592 F. 3d. 1144, 1157 (11 Cir. 2010); Davis, Supra.

AO 241 (Rev. 09/17)

**(c)**     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    THIS ISSUE WAS RAISED

ON THE APPEAL OF MOTION FOR POSTCONVICTION RELIEF.

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    MOTION FOR POSTCONVICTION RELIEF

Name and location of the court where the motion or petition was filed:    FOURTH JUDICIAL

CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

Docket or case number (if you know):    # 16-1999-CF-005096-AXXX

Date of the court's decision:    8·6·2003

Result (attach a copy of the court's opinion or order, if available):

DENIED.  SEE (ATTACHMENTS 7A - 7I)

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    THE FIRST DISTRICT COURT

OF APPEAL .

Docket or case number (if you know):    # 1D03-5204

Date of the court's decision:    12·1·2004

Result (attach a copy of the court's opinion or order, if available):    PER CURIAM AFFIRMED.

SEE (ATTACHMENTS 7J-7K)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY,
FLORIDA

CASE NO.:   99-5096-CF-A

DIVISION:   CR-D

STATE OF FLORIDA,
    Petitioner,

vs.

JAMES C. CURRY,
    Defendant.





**FILED**

AUG - 6 2003

CLERK CIRCUIT COURT

_____/



## ORDER DENYING DEFENDANT'S MOTION FOR POST CONVICTION RELIEF

    This matter came before this Court on Defendant's Motion for Post Conviction Relief filed pursuant to Florida Rule of Criminal Procedure 3.850 on May 29, 2001, and Defendant's Addendum to Motion for Post Conviction Relief filed on August 17, 2001.

    On October 29, 1999, following a jury trial, Defendant was convicted of one count of Sexual Battery (count one), one count of Burglary with an Assault (count two) and one count of Kidnapping (count three). Defendant was sentenced as a Prison Releasee Re-Offender to a term of fifteen (15) years of incarceration as to count one, to a concurrent term of life incarceration as to count two, and to a concurrent term of thirty (30) years of incarceration as to count three. (Exhibit "A.") Defendant's convictions and sentences were affirmed on appeal through a Mandate issued on February 20, 2001. (Exhibit "B.")

    In the instant Motion, Defendant raises nine grounds for post conviction relief all premised upon allegations of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, Defendant must show that: (1) counsel's performance was outside the wide

L   **67**

ꝋA

range of reasonable professional assistance, and (2) counsel's deficient performance prejudiced the defense, *i.e.* that there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cherry v. State, 659 So. 2d 1069, 1072 (Fla. 1995); Knight v. State, 394 So. 2d 997 (Fla. 1981); Reaves v. State, 593 So. 2d 1150 (Fla. 1st DCA 1992). Further, the "standard is reasonably effective counsel, not perfect or error-free counsel." Coleman v. State, 718 So. 2d 827, 829 (Fla. 4th DCA 1998). Prejudice is demonstrated if the deficiency was sufficient to render the result unreliable. Gorham v. State, 521 So. 2d 1067 (Fla. 1988).

In ground one of the instant Motion, Defendant claims that counsel rendered ineffective assistance by failing to call Officer T.J. Pomeroy to testify during the trial. Defendant asserts that Officer Pomeroy's testimony could have been used to impeach the victim's testimony and the testimony of the victim's neighbor. Initially, this Court notes that Defendant's claim is refuted by the record. The Court specifically asked Defendant if he agreed with counsel's decision to only call three witnesses and Defendant answered affirmatively. (Exhibit "C," pages 385-390.) Defendant stated that he agreed that there would be no additional witnesses called on his behalf. (Exhibit "C," page 390.) Defendant may not now seek to go behind his sworn representations to this Court in a Post Conviction Motion. Stano v. State, 520 So. 2d 278 (Fla. 1988); Dean v. State, 580 So. 2d 808 (Fla. 3d DCA 1991); Bir v. State, 493 So. 2d 55 (Fla. 1st DCA 1986).

Further, an evidentiary hearing was conducted on this claim on June 27, 2003. The hearing has been transcribed and the transcript is attached to this Order as an exhibit. Defendant's former trial counsel, Jim Hernandez, testified at the evidentiary hearing that as a rule of thumb, he is generally hesitant to call police officers. Mr. Hernandez testified that he had Officer Pomeroy

2

L. 68

standing by to rebut the State if the State introduced clothing evidence. Since the State did not introduce the clothing, Mr. Hernandez decided, as part of his trial strategy, not to call Officer Pomeroy. (Exhibit "D," pages 15-17.) Mr. Hernandez testified that Defendant agreed with the decision not to call Officer Pomeroy because the clothing was not introduced. (Exhibit "D," page 16.) With regard to the alleged inconsistencies surrounding the overturned dresser, Mr. Hernandez testified that he believed since the State introduced photographs of the room he did not need the testimony of Officer Pomeroy and if he had called Officer Pomeroy, the State would have simply countered with the pictures. (Exhibit "D," pages 18-19.)

In addition to finding that Defendant agreed with the decision not to call any additional witnesses, this Court finds that Mr. Hernandez made a tactical decision not to call Officer Pomeroy at trial and his decision is not subject to a claim of ineffective assistance of counsel. Songer v. State, 419 So. 2d 1044 (Fla. 1982); Gonzalez v. State, 579 So. 2d 145, 146 (Fla. 3d DCA 1991) ("Tactical decisions of counsel do not constitute ineffective assistance of counsel.") Accordingly, Defendant has failed to demonstrate error on the part of counsel or prejudice to his case.

In ground two of the instant Motion, Defendant claims that counsel rendered ineffective assistance by failing to impeach the victim and other key State witnesses. Defendant asserts that there were several inconsistencies between the victim's testimony at trial and her deposition. Specifically, Defendant alleges counsel should have cross examined the victim about whether she had been struck and whether or not she had been rendered unconscious.

Initially, this Court notes that counsel vigorously cross-examined the victim and used her deposition on several occasions as impeachment. (Exhibit "C," pages 207-253.) Additionally, Defendant has failed to allege what other witnesses should have been impeached or "what, if any,

3

69

favorable information could have been elicited by a more vigorous cross-examination" of the witnesses. Carroll v. State,815 So. 2d 601 (Fla. 2002). Moreover, Mr. Hernandez testified at the evidentiary hearing that Defendant had previously stated that he struck the victim and she fell. (Exhibit "D," page 20.) Mr. Hernandez testified that he did the best cross examination of the victim that he could in light of the Defendant's own incriminating statements to him and the police. (Exhibit "D," pages 20-21.) This Court finds that based on Mr. Hernandez's testimony, Defendant has failed to demonstrate that counsel's representation outside the wide range of reasonable professional assistance.  Accordingly, Defendant has failed to carry his burden of proof under Strickland.

In ground three of the instant Motion, Defendant claims that counsel rendered ineffective assistance by failing to challenge the State's sexual assault expert.  Defendant asserts that the expert's testimony was hearsay, irrelevant and highly prejudicial.  Initially, this Court notes that Defendant has failed to provide any legal support for his claim.  Further, this Court notes that Dr. Attlesey's testimony was clearly relevant to the issue of sexual assault and the State properly presented her testimony. Defendant has failed to establish that there was a legal basis to exclude the testimony of Dr. Attlesey. Moreover, counsel cross-examined Dr. Attlesey attempting to attack the credibility of her conclusions. (Exhibit "C," pages 323-330.) Accordingly, Defendant has failed to demonstrate error on the part of counsel or prejudice to his case.

In ground four of the instant Motion, Defendant claims that counsel rendered ineffective assistance by failing to call DNA expert Sheree Effinger to testify at trial that the semen found on the victim did not belong to Defendant.  As this Court noted above in the analysis of claim one, Defendant agreed with the decision not to call any additional witnesses. (Exhibit "C," page 390.)

4

70

Again, Defendant may not now seek to go behind his sworn representations to this Court in a Post Conviction Motion. Stano; Dean; Bir.

In ground five of the instant Motion, Defendant claims that counsel rendered ineffective assistance by failing to object to the arrest report going back with the jury during deliberations. Defendant asserts that the police report contained a statement that was not testified to and that the statement was highly prejudicial and should not have been permitted to go back to the jury during deliberations.

Initially, this Court notes that there is nothing in the record that establishes that the police report was admitted into evidence during the trial. Additionally, there is nothing in the record to support Defendant's contention that the State announced that the arrest report would be sent into deliberations. To the extent that Defendant is challenging the admission of his own written statement, this Court notes that the statement was properly admitted into evidence and was permitted to go with the jury during deliberations. (Exhibit "C," pages 344.) Accordingly, Defendant's claim is meritless.

In ground six of the instant Motion, Defendant claims that counsel rendered ineffective assistance by failing to call Detective Eric Simmons to testify at trial that he was present when Defendant provided his statement. This Court notes as it did above that Defendant agreed with the decision not to call any additional witnesses. (Exhibit "C," page 390.) Further, Defendant has failed to allege that he was not aware of this witness at the time of his acknowledgment to the Court. Again, Defendant may not now seek to go behind his sworn representations to this Court in a Post Conviction Motion. Stano; Dean; Bir.

In ground seven of the instant Motion, Defendant claims that counsel rendered ineffective

5

L   71

assistance by failing to object and move for a mistrial when the Court commented on the evidence during closing arguments. Defendant asserts that the victim "slammed" out of the courtroom during closing arguments and that during an inquiry of the jury, the Court impermissibly referred to the lady who left the courtroom as the "victim." Initially, this Court notes that counsel did move for a mistrial after the victim left the courtroom in a less than discreet manner. (Exhibit "C," pages 427-437.) Further, Defendant has failed to demonstrate that the Court's reference to the victim was impermissible. The State, throughout the trial, presented █████ as the victim. Accordingly, Defendant has failed to demonstrate prejudice.

Moreover, to the extent that Defendant is claiming that the Court committed error, this Court finds that such a claim could or should have been raised on direct appeal, and is thus procedurally barred. Harvey v. Dugger, 656 So. 2d 1253 (Fla. 1995); Cherry v. State, 659 So. 2d 1069 (Fla. 1995); Jackson v. State, 646 So. 2d 792 (Fla. 2d DCA 1994). Defendant may not seek to avoid this procedural bar by couching his allegations in terms of ineffective assistance of counsel. See Arbelaez v. State, 775 So. 2d 909 (Fla. 2000)(stating, "Arbelaez may not relitigate procedurally barred claims by couching them in terms of ineffective assistance of counsel."); Cherry v. State, 659 So. 2d 1069 (Fla. 1995); Chandler v. State, 634 So. 2d 1066 (Fla. 1994); Lopez v. Singletary, 634 So. 2d 1054 (Fla. 1994); Torres-Arboleda v. Dugger, 636 So. 2d 1321 (Fla. 1994); Swafford v. State, 569 So. 2d 1264 (Fla. 1990); Medina v. State, 573 So. 2d 293 (Fla. 1990).

In ground eight of the instant Motion, Defendant claims that counsel rendered ineffective assistance by failing to object and move for a mistrial based upon the State's improper comments during closing arguments. Defendant asserts that during its rebuttal closing argument, the State impermissibly bolstered the witnesses' credibility, opined that Defendant was guilty and opined that

6

L 72

7F

Defendant's statement was untrue.

Initially, this Court notes that wide latitude is permitted in arguing to a jury. Thomas v. State, 326 So.2d 413 (Fla. 1975); Spencer v. State, 133 So. 2d 729 (Fla. 1961). Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments. Spencer. The standard for review of prosecutorial misconduct is whether "the error committed was so prejudicial as to vitiate the entire trial." Cobb v. State, 376 So. 2d 230, 232 (Fla. 1979). Jones v. State, 612 So. 2d 1370 (Fla. 1993); State v. Murray, 443 So. 2d 955 (Fla. 1984).

This Court, after reviewing the State's closing argument, finds that the comments by the prosecutor did not rise to the level of vitiating the entire trial. (Exhibit "C," pages 449-468.) Moreover, the comments by the prosecutor did not "inflame the minds and passions of the jurors so that their verdict reflect[ed] an emotional response to the crime or the defendant rather than the logical analysis of the evidence in light of the applicable law." Jones. Therefore, Defendant cannot demonstrate error on the part of counsel or prejudice to his case.

In ground nine, raised in Defendant's Addendum to his Motion for Post Conviction Relief, he claims that counsel rendered ineffective assistance by failing to depose the lead detective and file a motion to suppress. Defendant contends that counsel should have moved to suppress Defendant's written and oral statements on the basis that he was coerced and made promises of leniency. This Court notes that at trial, Detective Mitchell Chizik testified that he interviewed Defendant and obtained a written statement. (Exhibit "C," pages 334-351.) Detective Chizik specifically testified that Defendant was informed of his rights, was not promised anything in return and was not coerced. (Exhibit "C," pages 336-339.)

Defendant has failed to demonstrate that even if counsel had moved to suppress the

7

**73**

statements that the Court would have granted the motion. This Court finds that since Detective Chizik would have been the witness to testify if counsel had moved to suppress Defendant's statement, based upon his testimony at trial, there would have been no legal reason to suppress the statement. Accordingly, Defendant has failed to establish that he suffered prejudice as a result of the alleged error of counsel.

Based on the above, it is:

**ORDERED AND ADJUDGED** that Defendant's Motion for Post Conviction Relief is **DENIED.** Defendant shall have thirty (30) days from the date that this Order is filed in which to take an appeal, by filing a Notice of Appeal with the Clerk of this Court.

**DONE AND ORDERED** in Chambers, in Jacksonville, Duval County, Florida, on this 6ᵗʰ day of _August_, 2003.

CIRCUIT COURT JUDGE

Copies to:

Office of the State Attorney

Charles Fletcher, Esquire
Attorney for Defendant
Selinger & Fletcher
233 East Bay Street, Suite 1020
Jacksonville, Florida 32202

8

74

7H

## CERTIFICATE OF SERVICE

I do hereby certify that a copy hereof has been furnished to Defendant by United States mail this _____ day of _____, 2003.

_____,
Deputy Clerk

Case No.: 99-5096-CF-A
Attachments: Exhibits A-D

/mdk.

9

L.: 75

7.I

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES C. CURRY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D03-5204

Opinion filed  December 1, 2004.

An appeal from the Circuit Court for Duval County.
Lance M. Day, Judge.

Appellant, pro se.

Charles J. Crist, Jr., Attorney General, and Philip W. Edwards, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

    AFFIRMED.

ERVIN, PADOVANO and LEWIS, JJ., CONCUR.

# M A N D A T E

From

## DISTRICT COURT OF APPEAL OF FLORIDA
## FIRST DISTRICT

To the Honorable Judges of the Circuit Court for Duval County

WHEREAS, in that certain cause filed in this Court styled:

JAMES C. CURRY                                    Case No : 1D03-5204

v.                                                Lower Tribunal Case No : 99-5096 CFA

STATE OF FLORIDA

The attached opinion was issued on December 1, 2004.

YOU ARE HEREBY COMMANDED that further proceedings, if required, be had in accordance
with said opinion, the rules of Court, and the laws of the State of Florida.

WITNESS the Honorable JAMES R. WOLF, Chief Judge

of the District Court of Appeal of Florida, First District,

and the Seal of said Court done at Tallahassee, Florida,

on this 31st day of January 2005.

JON S. WHEELER, Clerk
District Court of Appeal of Florida, First District

7K

AO 241 (Rev. 09/17)

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   N/A

**GROUND TWO:**   N/A

**(a) Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

**(b) If you did not exhaust your state remedies on Ground Two, explain why:**

N/A

**(c)   Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: ·   N/A

**(d)   Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:**        N/A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:   N/A _____

_____

_____

(d)   **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☐ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:   N/A _____

   Name and location of the court where the motion or petition was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion or petition?                    ☐ Yes   ☐ No

   (4) Did you appeal from the denial of your motion or petition?               ☐ Yes   ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

_____

_____

_____

**GROUND FOUR:**     *N/A*_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*N/A*_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:

*N/A*_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

*N/A*_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     *N/A*_____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?   ☑ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:   _N/A_____

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

_N/A_____

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?      ☐ Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available.   _N/A_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?      ☐ Yes      ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
raised.   _N/A_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   P.D. OFFICE

(b) At arraignment and plea:   P.D. OFFICE

(c) At trial:   JAMES HERNANDEZ , Bar Number # 0871303

(d) At sentencing:   JAMES HERNANDEZ , Bar Number # 0871303

(e) On appeal:   PHIL PATTERSON , 301 S. MONROE ST. , TALLAHASSEE , FLA. 32301

(f) In any post-conviction proceeding:   CHARLES FLETCHER , 8833 perimeter PK. BLVD., Ste# 104 , Orange Park , Fla. 32216

(g) On appeal from any ruling against you in a post-conviction proceeding:   PRO-SE

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:   N/A

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner files the instant Habeas Petition in a timely fashion, within one year of the date the State Court corrected sentence imposed on resentencing became final by mandate on November 22, 2019 . (case # 1D1B-3983) (See: Attachment 15A) ; SEE: Ferreira v. Sec'y for the Dep't of Corr, 494 F.3d 1286 (C.A. 11 (FLA) 2007), Holding:

Page 14 of 16

AO 241 (Rev. 09/17)

On remand, the Court of Appeals, Black, Circuit Judge, held that habeas petition filed by state prisoner more than five years after he was convicted of crime, but only 57 days after the corrected sentence imposed on resentencing became final, was filed in timely fashion, within one year of date that state court "Judgment" pursuant to which he was in custody became final, though his habeas petition challenged only his underlying conviction and not the corrected sentence imposed on resentencing; overruling, Rainey v. Sec'y for the Dep't of Corr, 443 F.3d 1323 (11 Cir 2006)

   (And) based on the complete miscarriage of one panel of the First District Court of Appeal's opinion is inconsistent in # 1D03-5204, to all the panels of the same First District Court of Appeal, that presents exceptional circumstance where the need for remedy is apparent, Davis v US, 417 U.S. 333, 346 (1974). See also, Ward v Hall, 592 F.3d 1144, 1157 (11 Cir 2010).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

# M A N D A T E

### from

## FIRST DISTRICT COURT OF APPEAL

## STATE OF FLORIDA

This case having been brought to the Court, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that further proceedings, if required, be had in accordance with the opinion of this Court, and with the rules of procedure, and laws of the State of Florida.

WITNESS the Honorable Stephanie W. Ray, Chief Judge, of the District Court of Appeal of Florida, First District, and the seal of said Court at Tallahassee, Florida, on this day.

November 22, 2019

James C. Curry v.
State of Florida

DCA Case No.: 1D18-3983
Lower Tribunal Case No.: 1999-CF-005096

KRISTINA SAMUELS, CLERK
District Court of Appeal of Florida, First District

gl
Mandate and opinion to: Hon. Ronnie Fussell, Cler
 cc: (without attached opinion)
Hon. Andy Thomas, PD                          Hon.
Joel Arnold, APD                              Jame

Attachment
(15a)

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    To afford Petitioner the legal constitutional right to review a final order of all grounds presented in his Motion for Postconviction Relief.

or any other relief to which petitioner may be entitled.

_____N/A_____

                 Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   11/13/2020   (month, date, year).

PROVIDED BY
LIBERTY CI
NOV 13 2020
FOR MAILING

Executed (signed) on _____ (date).

/s/ James C. Curry

                 Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

N/A _____

_____

_____

_____