UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES C. CURRY,

    Petitioner,

vs.                                   Case No. 3:20-cv-1311-J-20JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

### I. INTRODUCTION

Petitioner James C. Curry, proceeding on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1), challenges his state court (Duval County) conviction for sexual battery, burglary with battery, and kidnapping.[1] Petitioner, through his Petition, claims he is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Upon review, the Court concludes Petitioner is not entitled to habeas relief and the Petition should be denied and the case dismissed.

---

[1] For the Petition, the Court references the page numbers assigned by the electronic filing system.

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus and "prescribes a deferential framework for evaluating issues previously decided in state court[,]" Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted), petition for cert. filed, (U.S. Nov. 6, 2020), limiting a federal court's authority to award habeas relief. See 28 U.S.C. § 2254; Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases"). The Eleventh Circuit explains:

> [federal courts] are prohibited from granting a state prisoner's habeas corpus petition unless the relevant state court decision on the merits of the petitioner's claim 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'

James v. Warden, Holman Correctional Facility, 957 F.3d 1184, 1190 (11th Cir. 2020) (quoting 28 U.S.C. § 2254(d)(1)-(2)), petition for cert. filed, (U.S. Nov. 18, 2020). This high hurdle is further described:

> A decision is "contrary to" clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if the court identifies the correct legal principle but applies it unreasonably to the facts before it. Id. "The

> question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 167 L.Ed.2d 836 (2007).

James, 957 F.3d at 1190-91.

A state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)). As such, a federal district court may not supersede a state trial court's determination simply because reasonable minds may disagree about the finding. Id. (quotation and citation omitted).

Of import, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look

through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## II. GROUND ONE

> CLAIM ONE: Petitioner was denied inherent substantive due process protection of the Fifth and Fourteenth Amendment[s] of the U.S. Constitution when the state lower court's [sic] denied Petitioner's guaranteed procedural due process right to appeal a final order of his motion for postconviction relief.

Petition at 8.

In his supporting facts, Petitioner explains, the state circuit court denied his motion for postconviction relief but failed to address one ground, ground ten. Id. Petitioner appealed the denial of post-conviction relief, noting that the circuit court had failed to address ground ten. Id. at 9. The First District Court of Appeal affirmed per curiam. Id. at 9, 25. As relief, Petitioner asks this Court: "[t]o afford Petitioner the legal constitutional right to review a final order of all grounds presented in his Motion for Postconviction Relief." Id. at 36.

Petitioner's claim raised in ground one does not present a viable claim for post-conviction relief. He is claiming a defect in a state collateral proceeding. Such a claim is not cognizable on federal habeas review as "defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 558 U.S. 995 (2009).

4

Thus, the claim raised in ground one is not a claim of constitutional dimension. Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325-26 (11th Cir.) (recognizing that challenges to a collateral proceeding do not undermine the legality of the conviction itself; therefore, habeas relief is inappropriate), cert. denied, 562 U.S. 1113 (2010). See Jeffus v. Sec'y, Fla. Dep't of Corr., 759 F. App'x 773, 776 (11th Cir. 2018) (per curiam) (finding claims concerning alleged defects in subsequent habeas proceedings are not cognizable under § 2254 as they do not undermine the legality of the petitioner's detention or conviction). As such, Petitioner is not entitled to habeas relief on ground one.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The **Clerk** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[2] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall

---

[2] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE

sa 12/4
c:
James C. Curry